**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

JOE PEAK                                                                                    PLAINTIFF

v.                                        **4:09CV00753-WRW**

SOUTHERN & ALLEN                                                          DEFENDANT

<u>ORDER</u>

Pending is Defendant's Motion for Summary Judgment (Doc. No. 12). Plaintiff has

responded, and Defendant has replied.[1] For the reasons set out below, Defendant's Motion is

GRANTED.

**I.      SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate only when there is no genuine issue of material fact, so

that the dispute may be decided on purely legal grounds.[2]  The Supreme Court has established

guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the
> need for a trial -- whether, in other words, there are any genuine factual issues that
> properly can be resolved only by a finder of fact because they may reasonably be
> resolved in favor of either party.[3]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an

extreme remedy that should be granted only when the movant has established a right to the

judgment beyond controversy.[4]  Nevertheless, summary judgment promotes judicial economy by

---

[1]Doc. Nos. 18, 20.

[2]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

[3]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[4]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

preventing trial when no genuine issue of fact remains.[5]  I must view the facts in the light most favorable to the party opposing the motion.[6]  The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.[7]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[8]

## II.   BACKGROUND

Plaintiff is a consumer as defined in the Fair Debt Collection Practices Act ("FDCPA").[9] Defendant is a law firm and is engaged in the business of collecting consumer debts. Defendant is a debt collector as defined by the FDCPA.[10]

---

[5]*Id.* at 728.

[6]*Id.* at 727-28.

[7]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[8]*Anderson*, 477 U.S. at 248.

[9]Doc. Nos. 14, 17. The FDCPA is codified at 15 U.S.C. §§ 1692, *et seq*. Section 1692(a)(3) defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt."

[10]Doc. Nos. 14, 17.  Section 1692(a)(3) defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

Plaintiff had a credit card account with Providian National Bank, which turned over the collection of Plaintiff's debt[11] to Portfolio Recovery Associates, LLC.[12] Portfolio Recovery Associates retained Defendant to collect the debt.[13] On June 25, 2009, Defendant received Plaintiff's account.[14] A June 26, 2009, letter from Defendant to Plaintiff (the "Letter") reads:

> Our firm has been retained by Portfolio Recovery Associates, LLC to collect from you the sum of $935.00, by lawsuit if necessary. Contacting my office either by telephone or by mail may avoid a lawsuit and the addition of court costs and attorney fees caused by litigation. We may be able to work out a convenient payment plan, you may set up a draft, or a payment may be made on our website at www.southernallen.com. When calling or writing, please ask for Kim and refer to our file number below.
>
> This debt will be assumed to be valid unless you dispute the validity of the debt or any portion thereof, within thirty (30) days after receipt of this notice. If you notify us in writing within this thirty (30) day period that the debt, or any portion thereof is disputed, we will obtain validation of the debt or a copy of a judgment as applicable, and a copy of such validation or judgment will be mailed to you. Upon written request within the thirty (30) day period, we will provide you with the name and address of the original creditor if different from the named creditor above.
>
> I have not, nor will I, review the details of your account status and/or file, unless you so request.
>
> Sincerely,
> Southern & Allen[15]
>
> **This communication is from a debt collector and is an attempt to collect a debt. Any information will be used for that purpose**.[16]

---

[11]15 U.S.C. § 1692a(5) defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

[12]Doc. Nos. 14, 17.

[13]*Id.*

[14]Doc. No. 17.

[15]No individual attorney signed the letter, but Defendant's name was printed on the Letter.

[16]Doc. Nos. 14, 17. Emphasis in the original.

Plaintiff asserts that the Letter violates the FDCPA because it: (1) threatens action -- a lawsuit -- that Defendant did not intend to take; (2) falsely represents attorney involvement; (3) contains language that overshadows or obscures the validation notice; and is otherwise deceptive and failed to comply with the provisions of the FDCPA.

## III.   DISCUSSION

The purpose of the FDCPA is to protect consumers from abusive debt collection practices, as well as to protect ethical debt collectors from competitive disadvantage.[17] Determinations of whether a debt collector's conduct violated the FDCPA must be made from the perspective of the "unsophisticated consumer."[18] "The unsophisticated consumer standard . . . is described as a standard designed to protect consumers of below average sophistication or intelligence without having the standard tied to the 'the very last rung on the sophistication ladder.'"[19] The unsophisticated consumer test "contain[s] 'an objective element of reasonableness' that 'prevents liability for bizarre or idiosyncratic interpretations of collection notices.'"[20]

### A.   15 U.S.C. § 1692(e)(5) and Defendant's Intent to Sue

Plaintiff alleges the Letter threatens a lawsuit that Defendant did not intend to file at the time Defendant sent the Letter. Under 15 U.S.C. § 1692(e)(5), a debt collector may not threaten action that it does not intend to take. That section reads:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general

---

[17] 15 U.S.C. § 1692(e).

[18] *Duffy v. Landberg*, 215 F.3d 871 (8th Cir. 2000).

[19] *Id*. at 874.

[20] *Peters v. Gen. Serv. Bureau, Inc*., 277 F.3d 1051, 1054-55 (8th Cir. 2002).

application of the foregoing, the following conduct is a violation of this section: [t]he threat to take any action that cannot legally be taken or that is not intended to be taken.[21]

A collection notice violates § 1692(e)(5) "if (1) a debtor would reasonably believe that the notice[] threaten[s] legal action; and (2) the debt collector does not intend to take legal action."[22]

Even if the Letter threatened legal action, Plaintiff must show that Defendant did not intend to sue. Plaintiff alleges Defendant never intended to file suit before it sent the Letter. Plaintiff reasons as follows. On June 25, 2009, Defendant received Plaintiff's account and was retained to collect the alleged debt. The Letter is dated June 26, 2009. No lawyer from Defendant Southern & Allen reviewed Plaintiff's account before the Letter was mailed.[23] Plaintiff asserts that "Defendant's contention that it intended to file suit . . . is untenable"[24] because no lawyer ever reviewed Plaintiff's account before Defendant sent the Letter.

Defendant maintains it intended to file suit, if necessary. Defendant submitted the affidavit of Henry "Gus" Allen, a partner at Defendant Southern & Allen, in support of its position. Mr. Allen's affidavit states that: Mr. Allen was involved in drafting and revising the Letter; Defendant was authorized by its client to file suit against Plaintiff; Mr. Allen has filed hundreds of collection suits in his career; and Defendant would have filed suit against Plaintiff if Plaintiff failed to dispute the debt within 30 days or otherwise pay his debt. Defendant contends

---

[21]15 U.S.C. § 1692(e)(5).

[22]*United States v. National Fin. Servs.*, 98 F.3d 131, 135 (8th Cir. 1996).

[23]Doc. No. 17.

[24]Doc. No. 18.

it has not filed suit to date because it received, within the 30-day validation period, a letter from Plaintiff's attorney alleging the Letter violated the FDCPA.[25]

Under § 1692e(5), it is unlawful for a debt collector to threaten any action that "is not intended to be taken."[26] The FDCPA does not define "intend." When interpreting a statute, a court looks first "whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case."[27] "The plainness . . . of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole."[28]

The language at issue here is the word "intended." Black's Law Dictionary defines "intend" as follows:

> 1. To have in mind a fixed purpose to reach a desired objective; to have as one's purpose ‹Daniel intended to become a lawyer›. 2. To contemplate that the usual consequences of one's act will probably or necessarily follow from the act, whether or not those consequences are desired for their own sake ‹although he activated the theater's fire alarm only on a dare, the jury found that Wilbur intended to cause a panic›. 3. To signify or mean ‹the parties intended for the writing to supersede their earlier handshake deal›.[29]

The use of the word "intend," when considered in the context of § 1692(e)(5), is consistent with the purpose of the FDCPA, which is to protect consumers from abusive debt collection practices. Abusive means "characterized by wrongful or improper use."[30] It does not

---

[25]Doc. No. 14.

[26]15 U.S.C. § 1692(e)(5).

[27]*Robinson v. Shell Oil Co*., 519 U.S. 337, 340 (1997).

[28]*Id*. at 341.

[29]Black's Law Dictionary 881 (9th ed. 2009).

[30]*Id*. at 12.

appear wrongful for a law firm that is authorized to sue to mention an action that the firm had in mind. It seems that Plaintiff would read "intended" to mean "decided."

Here, the law firm had authority to sue; a lawyer provided an affidavit that he intended to sue if Plaintiff did not pay the debt; and the lawyer apparently had filed hundreds of collection suits. The party opposing summary judgment must point to an evidentiary conflict by demonstrating specific factual allegations -- mere denials and conclusory statements are not enough.[31] Plaintiff has not produced any fact that creates a dispute regarding Defendant's intent to file suit (such as, for example, that Defendant generally does not sue when the amount of debt is small, as it is here). Accordingly, summary judgment is granted on this claim.

**B.     False Representation or Deceptive Means Under 15 U.S.C. § 1692(e)(10)**[32]

Plaintiff argues that Defendant falsely represented that an attorney was involved in issuing the Letter. Plaintiff alleges this misrepresentation violated 15 U.S.C. § 1692e(10), which prohibits the use of any false representation or deceptive means in a debt collector's attempt to collect any debt.

In *Greco v. Trauner, Cohen & Thomas, L.L.P.*,[33] the law firm of Trauner, Cohen & Thomas, L.L.P ("TCT") represented Bank of America in a consumer debt collection matter. TCT sent a letter to Andrew Greco, which read, in part:

> The firm of Trauner, Cohen & Thomas is a law partnership representing financial institutions in the area of creditors rights. In this regard, this office represents the above named BANK OF AMERICA who has placed this matter, in reference to an original account with [sic] for collection and such action as necessary to protect our client.

---

[31]See *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

[32]While § 1692e(10) makes unlawful any false representation or deceptive means, § 1692e(3) specifically prohibits "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney."

[33]412 F.3d 360 (2d Cir. 2005).

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office, our client may consider additional remedies to recover the balance due.

If you have any questions regarding this matter, please contact this office at 404.233.1900 or toll free at 1.888.696.1900 between the hours of 8 A.M. and 9 P.M. on Friday, and 8 A.M. to 2 P.M. on Saturday.

Very truly yours,  Trauner, Cohen & Thomas, LLP [34]

Greco sued TCT, alleging that the letter: (a) falsely represented attorney involvement, a violation of § 1692e(3); and (b) was a  false or deceptive means to collect a debt, a violation of § 1692e(10). The Second Circuit Court of Appeals found that even the least sophisticated consumer[35] could not be confused about the level of attorney involvement because of the letter's clear disclaimer.

The reasoning in *Greco* applies here. The Letter mentions a lawsuit. The *Greco* letter refers to "such action as necessary." Both letters were from law firms, and contained a disclaimer. The disclaimer in the Letter reads: "I have not, nor will I, review the details of your account status and/or file, unless you so request." Despite the mention of a lawsuit, the disclaimer in the Letter makes clear that no lawyer has reviewed Plaintiff's account. Even an unsophisticated consumer could not be misled as to the extent of a lawyer's involvement -- there was none. Accordingly, summary judgment in favor of Defendant is appropriate on Plaintiff's § 1692e(10) claim.

---

[34]*Id*. at 361.

[35]Other circuits have adopted the "least sophisticated consumer" standard. The least sophisticated consumer "can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *LeBlanc v. Unifund CCR Ptnrs*, No. 08-16031, 2010 U.S. App. Lexis 6501, at *23 (11th Cir. March 30, 2010). In contrasting the least sophisticated and the unsophisticated consumer standards, the Seventh Circuit Court of Appeals wrote that it did not "want to be involved in the splitting of split hairs. Any way it is viewed, the standard is low, close to the bottom of the sophistication standard." *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996).

**C.      Validation Language Not Overshadowed -- 15 U.S.C. § 1692g**

Congress added the validation of debt provision to the FDCPA to ensure that debt collectors gave consumers adequate information about their rights.[36] Under 42 U.S.C. § 1692g(a), a debt collector must send a consumer a "validation notice" within five days of the initial communication with the consumer.[37] A validation notice must include: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that the debt collector will assume the debt is valid under unless the consumer, within 30 days after receipt of the notice, disputes the validity of any portion of the debt; (4) a statement that, if the consumer notifies the debt collector in writing within the 30-day period that any portion of the debt is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and will mail the verification or copy to the consumer; and (5) a statement that the debt collector will provide the name and address of the original creditor, if different from the current creditor, upon the consumer's written request within the 30-day period.[38] No "collection activities and communication during the 30-day period may . . . overshadow or be inconsistent with" the validation notice.[39]

The contents of a debt collection letter overshadow the validation notice when, considering the letter as a whole, the unsophisticated consumer is uncertain of his validation rights.[40] For example, courts have denied a defendant's motion to dismiss for failure to state a

---

[36]S. Rep. No. 382, 95th Cong. 2d Sess. 4, reprinted in 1977 U.S. Code Cong. & Admin. News 1695, 1702.

[37]42 U.S.C. § 1692g(a).

[38]*Id.*

[39]42 U.S.C. § 1692g(b).

[40]See *Jacobson v. Healthcare Fin. Servs.*, 516 F.3d 85, 90 (2d Cir. 2008).

9

claim where the plaintiff alleged that a validation notice placed on the back of a debt-collection letter was overshadowed.[41] Courts have found a defendant violated § 1692g where a validation notice was overshadowed by a demand of payment within 30 days.[42] Whether other language in a debt-collection letter overshadows the validation notice required by § 1692g is a question of law for the court to decide.[43]

The Letter included the following validation notice:

> This debt will be assumed to be valid unless you dispute the validity of the debt or any portion thereof, within thirty (30) days after receipt of this notice. If you notify us in writing within this thirty (30) day period that the debt, or any portion thereof is disputed, we will obtain validation of the debt or a copy of a judgment as applicable, and a copy of such validation or judgment will be mailed to you. Upon written request within the thirty (30) day period, we will provide you with the name and address of the original creditor if different from the named creditor above.[44]

Plaintiff asserts that the validation notice was overshadowed because the notice came after the paragraph informing Plaintiff that Defendant was retained to collect a debt, by lawsuit if necessary, and explaining that payment could be made via Defendant's website. Plaintiff also contends that the Letter does not reconcile a debtor rights to verify a debt, while, at the same time, asking the debtor to pay the debt.[45] I disagree.

The one-page Letter has three paragraphs above the signature block, and one paragraph below the signature block -- a total of four paragraphs. The first paragraph implies legal action. The second paragraph provides the validation notice. The first and second paragraphs are

---

[41]See *Carbajal v. Capital One, F.S.B.*, No. 03 C 1123, 2003 U.S. Dist. Lexis 20065 (N.D. Ill. Nov. 13, 2003).

[42]See *Owens v. Hellmuth & Johnson*, 550 F. Supp. 2d 1060, 1065 (D. Minn. May 1, 2008).

[43]See *Id*. at 1067-68.

[44]Doc. Nos. 14, 17.

[45]Doc. No. 18.

roughly the same length and are written in the same font. The validation notice given was clear, and is impossible to overlook in the Letter. The Letter's third and fourth paragraphs were very short -- one sentence and two sentences long, respectively. Only these short paragraphs and the signature block follow the validation notice.

Considering the issue from the standpoint of the unsophisticated consumer, the validation notice was not overshadowed by the other language in the letter. Accordingly, summary judgment on this issue is granted.

## CONCLUSION

Based on the finds of fact and conclusions of law above, Defendant's Motion for Summary Judgment is GRANTED and this case is DISMISSED.

IT IS SO ORDERED this 27th day of April, 2010.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE